UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TYRIUS GREEN,<br><br>　　　　　Petitioner,<br><br>v.<br><br>STEVEN M. D'ILIO, et al,<br><br>　　　　　Respondents. | Civil Action No. 15-1886 (PGS)<br><br>**OPINION** |

**PETER G. SHERIDAN, U.S.D.J.**

## I.　INTRODUCTION

Petitioner Tyrius Green ("Petitioner"), a convicted criminal in the State of New Jersey, files the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging a conviction and sentence imposed by the State for murder, possession of a firearm for an unlawful purpose, and unlawful possession of a weapon. Respondents have filed a Response. (ECF No. 10.) Petitioner filed a Traverse to that Response. (ECF No. 14.) The Court has considered the parties' submissions, as well as the relevant records of this case. For the reasons set forth below, the Court finds that Petitioner has failed to exhaust his state court remedies and directs him to act in accordance with the accompanying Order.

## II.　BACKGROUND

The Court recites only those facts relevant to this Opinion. On May 11, 2005, Petitioner was convicted in the New Jersey Superior Court, Law Division, after a jury trial, on charges of (1) first-degree murder, (2) second-degree possession of a weapon for an unlawful purpose, and (3)

third-degree unlawful possession of a weapon. (ECF No. 10-2.) Petitioner was sentenced on July 5, 2005. (ECF No. 10-25.)

Following trial and sentencing, Petitioner filed an appeal in the New Jersey Superior Court Appellate Division, which raised the following grounds for relief: (1) that the trial court erred in denying his motion for a judgment of acquittal; (2) that the trial court committed reversible error in its instruction to the jury on identification; (3) that Petitioner was unduly prejudiced by the prosecutor's reference to the warrant for his arrest at trial; (4) that the trial court erred in admitting the written statements of two witnesses who testified at trial; and (5) that the trial court erred in instructing the jury on flight. (ECF No. 18.) The Appellate Division affirmed Petitioner's conviction and remanded for resentencing on June 17, 2008. (ECF No. 10-3.) Petitioner thereafter filed a petition for certification to the New Jersey Supreme Court, in which he challenged only the trial court's jury charge on identification. (ECF No. 3, at 1–2.) The New Jersey Supreme Court denied certification on October 6, 2008. (ECF No. 10-6.)

Petitioner then filed a petition for post-conviction relief (the "PCR Petition") on January 20, 2011. (ECF Nos. 10-7, 10-8.) In a brief authored by counsel, Petitioner raised five ineffective assistance of counsel claims: (1) failure to move for a new trial; (2) failure to object to the trial court's identification charge; (3) failure to object to certain witness testimony identifying Petitioner as the shooter; (4) failure to object to the trial court's instruction to the jury that it could not consider evidence of premeditation or lack thereof in considering the murder charge; and (5) failure to object to the prosecutor's references to the warrant for Petitioner's arrest. (ECF Nos. 10-7, 10-8.) Petitioner also submitted a pro se brief in which he brought four additional ineffective assistance of counsel claims for (1) failure to object to "other-conduct evidence"; (2) failure to request a juror be removed for potential bias; (3) ineffective assistance of appellate counsel; and

2

(4) cumulative ineffective assistance of counsel. (ECF No. 10-9.) His PCR Petition was denied by the Superior Court of New Jersey, Law Division in a written opinion issued on April 26, 2012. (ECF No. 17-4, at Da18.)

Petitioner appealed, and on April 30, 2014, the Appellate Division affirmed the denial of his PCR petition. *State v. Green*, A-1277-12T1, 2014 WL 1686530 (N.J. Sup. Ct. App. Div. Apr. 30, 2014). The only issues raised by Petitioner in his appeal were: (1) that the trial court erred in denying his PCR Petition without an evidentiary hearing; (2) that he was denied ineffective assistance of counsel as a result of counsel's failure to object to the court's jury instruction on identification; (3) that he was denied ineffective assistance of counsel as a result of counsel's failure to object to the prosecutor's examination of the eyewitnesses; and (4) that his PCR claims were not barred by New Jersey Court Rule 3:22-5. (ECF No. 3, at 3–4.)

Petitioner filed a petition for certification with the New Jersey Supreme Court, in which he argued that the trial court erred in denying his PCR Petition without an evidentiary hearing and that New Jersey Court Rule 3:22-5 did not bar his claims. (ECF No. 3, at 20.) The New Jersey Supreme Court denied certification on October 24, 2014. *State v. Green*, 101 A.3d 1083 (N.J. 2014).

Petitioner filed his habeas petition with this Court on March 6, 2015. (ECF No. 1.) This Court administratively terminated his petition for failure to use a proper habeas form. (ECF No. 2.) Petitioner executed an amended petition on April 22, 2015 (the "Amended Petition"). (ECF No. 3.) In his Amended Petition, Petitioner raises the following grounds for relief:

1. Counsel was ineffective by failing to move for a new trial.
2. Counsel was ineffective by failing to object to the jury charge on identification.

3. Counsel was ineffective by failing to make objections to testimony identifying him as the shooter.
4. Counsel was ineffective by failing to object to the trial court's instruction to the jury that it could not consider evidence of premeditation or the lack thereof as part the charge against Petitioner for knowing and purposeful murder.
5. Counsel was ineffective by failing to object to the prosecutor's references to the arrest warrant.
6. Counsel was ineffective by failing to object to the admission of other-conduct evidence at trial.
7. Counsel was ineffective by failing to request that a juror be excused for potential bias.
8. Counsel was ineffective by not properly cross-examining two of the eyewitnesses who testified at trial.
9. Ineffective assistance of appellate counsel.
10. Cumulative ineffective assistance of counsel.
11. Petitioner's federal constitutional rights were violated by the trial court's denial of his motion for a judgment of acquittal.
12. Petitioner's federal constitutional rights were violated by the trial court's jury charge on identification.
13. Petitioner's federal constitutional rights were violated by the trial court's instruction to the jury that it could not consider evidence of premeditation or the lack thereof.
14. Petitioner's federal constitutional rights were violated by the prosecutor's references to the arrest warrant at trial.

15. Petitioner's federal constitutional rights were violated by the trial court's admission of the written statements of two witnesses that testified at trial.

16. Petitioner's federal constitutional rights were violated by the trial court's flight instruction to the jury.

17. Petitioner's federal constitutional rights were violated by the prosecutor's misleading questioning of four eyewitnesses at trial.

(ECF No. 3.)[1]

### III. ANALYSIS

Before seeking relief in federal court, a state prisoner must "exhaust[] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). This "requirement is satisfied only if the petitioner can show that he fairly presented the federal claim at each level of the established state-court system for review," either on direct appeal or in collateral post-conviction proceedings. *Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004). Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Castille v. Peoples*, 489 U.S. 346, 350 (1989).

---

[1] Petitioner raises two additional claims which relate only to the dismissal of his PCR Petition: (1) that the trial court erred in denying his PCR Petition without an evidentiary hearing and (2) that his PCR claims are not procedurally barred by New Jersey Court Rule 3:22-5. (ECF No. 3, at 29–31.) These claims are not cognizable under § 2254 as they pertain only to the application of state procedural rules. *Estelle v. McGuire*, 502 U.S. 62, 66 (1991) (observing that "federal habeas corpus relief does not lie for errors of state law" (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990))).

The petitioner generally bears the burden to prove all facts establishing exhaustion. *Toulson v. Beyer*, 987 F.2d 984, 987 (3d Cir. 1993). This means that the claims heard by the state courts must be the substantial equivalent of the claims asserted in the federal habeas petition. *See Picard*, 404 U.S. at 275–77. Reliance on the same constitutional provision is not sufficient; the legal theory and factual predicate must also be the same. *Id.* at 277.

Respondents did not raise exhaustion as an affirmative defense in their Answer. Nevertheless, exhaustion may be raised *sua sponte* by the reviewing federal court. *See Granberry v. Greer*, 481 U.S. 129, 133 (1987) (holding that courts of appeals may raise exhaustion *sua sponte* on appeal even if the state did not raise the issue in the district court); *Mastrosimone v. N.J. Dep't of Corrs.*, No. 14-1710, 2015 WL 4638246, at *3 (D.N.J. Aug. 4, 2015); *Nicoloudakis v. Bocchini*, No. 13-2009, 2015 WL 4392638, at *4 (D.N.J. July 15, 2015) ("This Court and other circuit courts have extended [*Granberry's* holding] to conclude that district courts also have authority to raise *sua sponte* the issue of exhaustion, even when Respondents do not assert that defense in their Answer."); *see also United States v. Bendolph*, 409 F.3d 155, 173 (3d Cir. 2005) (Nygaard, J., concurring) ("The Supreme Court has held that, in the interests of comity and federalism, courts may raise a habeas petitioner's failure to exhaust state remedies *sua sponte*, even if the government does not.").

While Petitioner claims that he has exhausted all state court remedies, it is apparent from the face of the Amended Petition that the vast majority of Petitioner's claims have not, in fact, been exhausted. Indeed, a review of the Amended Petition demonstrates that the only claim that was raised at each level of state court review was Petitioner's claim that his federal constitutional rights were violated by the trial court's jury instruction on identification. Petitioner's other

claims—both substantive and for ineffective assistance of counsel—were not similarly raised at each level of state court review.

More specifically, on Petitioner's direct appeal claims, he raised five claims before the Appellate Division. He however, only raised one claim before the New Jersey Supreme Court in his petition for certification—that the trial court committed reversible error in instructing the jury on identification.

Petitioner also failed to properly exhaust his PCR claims. Between the brief submitted by counsel on his behalf and his supplemental pro se brief, Petitioner raised nine claims for relief. However, before the Appellate Division he raised only four claims: (1) that the trial court erred in denying his PCR Petition without an evidentiary hearing; (2) that his counsel was ineffective for not objecting to the jury instruction on identification; (3) that his counsel was ineffective for failing to object to the prosecutor's examination of the eyewitnesses; and (4) that his claims are not barred by Rule 3:22-5. And, before the New Jersey Supreme Court, Petitioner only raised his claims that the trial court erred in denying his PCR Petition without an evidentiary hearing and that his claims were not procedurally barred.

Based on the Petition's inclusion of both exhausted and unexhausted claims, the Amended Petition is a "mixed petition." In *Rose v. Lundy*, 455 U.S. 509, 522 (1982), the Supreme Court held that "because a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, . . . a district court must dismiss habeas petitions containing both unexhausted and exhausted claims." Nevertheless, since *Rose* and the enactment of a statute of limitations for filing of habeas petitions, courts have recognized that dismissal of a petition for failure to exhaust "may act to deprive a petitioner of a federal forum if dismissal of the habeas petition is required." *Crews v. Horn*, 360 F.3d 146, 151 (3d Cir. 2004); *see also Rhines v. Weber*.

544 U.S. 269, 274–76 (2005). When confronted with a mixed petition, a district court thus has four options: "(1) stay the petition pending the outcome of state proceedings; (2) allow the petitioner to delete the unexhausted claims and proceed on the exhausted claims; (3) dismiss the petition without prejudice as unexhausted; or (4) deny the unexhausted claims on the merits under 28 U.S.C. 2254(b)(2)." *Barr v. Warden of N.J. State Prison*, No. 15-5797, 2016 WL 589675, at *4 (D.N.J. Feb. 11, 2016); *see also Mahoney v. Bostel*, 366 F. App'x 368, 371 (3d Cir. 2010).

The Court is cognizant that if it were to dismiss the Amended Petition without prejudice for lack of exhaustion, there is a chance that Petitioner's second PCR could be dismissed by the New Jersey state courts as untimely. *See* N.J. Ct. Rule 3:22-12(a)(2) (requiring a second PCR petition be filed within one year of the date on which (1) the constitutional right asserted was recognized and made retroactive by either the New Jersey or United States Supreme Court; (2) the factual basis for the relief was discovered; or (3) the date of the denial of the first PCR petition where the petitioner alleges that he was denied the ineffective assistance of PCR counsel). Because the AEDPA statute of limitations "is only tolled during the pendency of 'a properly filed application for State post-conviction relief or other collateral review," the statute of limitations would not be tolled during the pendency of a second PCR. *Morris v. Horn*, 187 F.3d 333, 338 (3d Cir. 1999). Nor was the AEDPA statute of limitations tolled during the pendency of this Petition. *See Duncan v. Walker*, 533 U.S. 167, 181–82 (2001). Green would thus be time-barred from filing another petition under § 2254. *See id.*; *Morris*, 187 F.3d at 338. Accordingly, the Court will not dismiss the Amended Petition without prejudice.

Nevertheless, because of the breadth of Petitioner's claims, which would require extensive review of the trial court record, the Court is similarly unprepared at this juncture to deny his claims as wholly lacking in merit.

8

Nor can the Court, at this time, stay this action pending Petitioner's exhaustion of administrative remedies. The "stay and abeyance" procedure is only available "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines*, 544 U.S at 277. "Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Id.* Because the Court has raised exhaustion *sua sponte*, there has been no briefing as to whether Green can demonstrate "good cause" for a stay pending the exhaustion of his state court remedies. Accordingly, the Court will grant Petitioner the opportunity to file a motion for stay and abeyance of the petition if he so chooses. If, however, Petitioner does not wish to move for a stay and abeyance, he may request that the Court delete the unexhausted claims and proceed only on his exhausted claim. Petitioner shall notify the Court, in writing, within 45 days as to how he wishes to proceed. If the Court does not receive a response from Petitioner within 45 days, the Court will take his inaction as his assent to proceed on only on his exhausted claim.

## IV. CONCLUSION

For the above reasons, the Court will not issue a final ruling on the Petition at this time. Petitioner is directed to notify the Court, in writing, within 45 days as to how he wishes to proceed in this matter. No certificate of appealability shall issue because reasonable jurists would not debate the Court's procedural ruling. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). An appropriate order follows.

_____
PETER G. SHERIDAN, U.S.D.J.

9